**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Appellee,** | * | |
| **v.** | * | **Appeal Nos. 23-4062(L), 23-4071** |
| **MEDARD ULYSSE,** | * | |
| **Appellant.** | * | |
| | * | |

* * * * * * * * * * * * *

## UNITED STATES OF AMERICA'S MOTION TO DISMISS APPEAL AND STAY BRIEFING SCHEDULE

The United States of America moves to dismiss this appeal as untimely and because Appellant Medard Ulysse waived the right to appeal his conviction and sentence in his plea agreement. The Government also asks the Court to stay the briefing schedule pending the outcome of this motion.

In support of this motion, the Government states as follows:

## FACTUAL BACKGROUND

Ulysse pled guilty to conspiracy to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, which was count one of the indictment, and wire fraud in violation of 18 U.S.C. § 1343, in a separate information. *See* JA 150. In his plea agreement, he expressly waived certain appellate rights as to his sentence:

> The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:
>
> i. The Defendant reserves the right to appeal the any sentence that exceeds the statutory maximum; and

JA 156.

During the guilty plea hearing, the district court engaged Ulysse in a colloquy, as required by Federal Rule of Criminal Procedure 11. Among other things, the district court discussed with Ulysse the plea agreement's appeal waiver:

> THE COURT: And with respect to rights of appeal, paragraph 12 notes that you and the government waive appeal of any lawful sentence as long as it's not less than 48 months. That's how I interpret this waiver of appeal. The government does not waive appeal if the sentence is less than 48 months. Other than that, both sides waive appeal of a lawful sentence, do you understand that?
>
> THE DEFENDANT: Yes, sir.

*See* JA 93.

On January 19, 2023, the district court sentenced Ulysse to 108 months as to count 1 of the indictment and 48 months as to count 1 of the superseding information to run concurrently. JA 275. Additionally, Ulysse was sentenced to 2 years of supervised release as to Count of the Information to run concurrent with 3 years as

to Count of the Superseding Indictment. JA 276.

On January 31, 2023, defense counsel filed a Notice of Appeal in case no. RDB 21-054 (the Superseding Indictment). JA 286. On February 6, 2023, defense counsel filed a Notice of Appeal in case no. RDB 22-335 (the Superseding Information).

His appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), presenting the following issue, which does not fall within the scope of the appeal waiver:

> Whether the trial court was biased unfairly against Appellant due to Appellant's late request for new counsel five weeks prior to trial?

Appellant's Br. 1.

For the reasons below, the Government respectfully requests that this Court dismiss the appeal as untimely and waived.

## <u>ARGUMENT</u>

### I. THE APPEAL WAS WAIVED.

#### A. Ulysse Waived an Appeal Knowingly and Intelligently.

The Court should dismiss the appeal Ulysse knowingly and intelligently waived the right to appeal. With narrow exceptions not relevant here, a defendant's waiver of the right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made. *See United States v. Blick*, 408 F.3d 162, 168–71 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399–401 (4th

Cir. 2002); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). This Court enforces an appeal waiver if "the issue sought to be appealed falls within the scope of the waiver." *United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006). If a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is dismissal. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Here, the record makes clear that Ulysse entered into a plea agreement with the Government that contained a valid appeal waiver provision, and that Ulysse did so knowingly and intelligently, curtailing the right to file this appeal. The plea agreement described the appeal waiver in direct, unambiguous language—telling Ulysse that he knowingly and expressly waived all rights to appeal his conviction and whatever sentence is imposed for any reason unless the sentence exceeds 84 months. *See* JA 156. This provision is like others this Court has approved. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *United States v. Linder*, 174 F. App'x 174, 175 (4th Cir. 2006). What's more, this appeal falls within the scope of the waiver, as the sentence did not exceed the statutory maximum of 20 years.

In addition, Ulysse made the waiver knowingly and intelligently. At the Rule 11 hearing, the district court reviewed all salient aspects of the plea agreement with Ulysse and specifically drew his attention to the waiver provision. *See* JA 93.

Ulysse signed the agreement, noting that he had read the agreement, had carefully reviewed every part of it with defense counsel, had understood it, and was entering into that waiver provision voluntarily. JA 79-80. He confirmed on the record that that was his signature, and that he reviewed the entire agreement with his counsel before he signed it. JA 79. He did not indicate or request that the plea was conditional by reserving the right to appeal any of the issue now presented. Nor did the Government agree to a conditional plea. This is more than sufficient to show a knowing and intelligent waiver.

This Court, evaluating the totality of circumstances, concluded that an appeal waiver was knowingly and intelligently made where the district court, like here, specifically questioned the defendant about the appeal waiver during the plea colloquy. *See Blick*, 408 F.3d at 169. Further still, this Court has enforced the appeal waiver even where the district court did not "mention the appellate waiver provision or inquire specifically into whether [the defendant] understood the significance of the waiver provision." *See General*, 278 F.3d at 400–01. As the record here goes much further than *General*, it confirms that Ulysse's waiver was knowing and intelligent.

Additionally, Ulysse was represented by competent counsel when negotiating the plea agreement and entering the guilty plea. *See Attar*, 38 F.3d at 731 (noting the significance of being represented during a guilty plea). Ulysse, during the guilty

plea colloquy acknowledged that he was satisfied with defense counsel. *See* JA 76-77. At no time during the plea colloquy did Ulysse or defense counsel indicate a lack of understanding about the scope of the appeal waiver or any other part of the plea agreement. On this record, there is no indication that his waiver of the right to appeal the sentence was anything but knowing and intelligent.

Considering both the Rule 11 colloquy and the plea agreement's appeal waiver, Ulysse knowingly and intelligently relinquished the right to bring this appeal. As such, this appeal should be dismissed.

**B. The Appeal Issues Do Not Fall Within Any Exceptions.**

This appeal does not fall within any recognized limit that can be placed on the otherwise valid appeal waiver. Ulysse was not sentenced to a term of imprisonment that exceeds 20 years, the statutory maximum of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 and wire fraud, in violation of 18 U.S.C. § 1343, nor does he appear to contend that the sentence was based on any impermissible factor, such as race. *See Attar*, 38 F.3d at 732; *Marin*, 961 F.2d at 496 (finding that a waiver was enforceable where the defendant was contesting the application of a sentencing guideline factor, and where he was not alleging that the sentence exceeded the maximum possible penalty or that the sentence was based on an impermissible factor). Rather, by filing this appeal, Ulysse simply chooses to selectively ignore a plea-agreement provision he has deemed disadvantageous to

him.

Accordingly, the Government respectfully requests that the Court dismiss this appeal. Allowing him to appeal these issues would contravene the very purpose of appeal waivers and would "eliminate the chief virtues of the plea system—speed, economy and finality." *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

The Government further requests that the briefing schedule be stayed while this motion to dismiss is pending.

The Government has consulted with Ulysse's appellate counsel, who (1) does not consent to the motion to dismiss but does not intend to file any opposition and (2) agrees with the request to stay the briefing schedule.

## CONCLUSION

For those reasons, the Government respectfully requests that this Court dismiss this appeal and stay the briefing schedule pending the outcome of the motion to dismiss.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Christine Goo
Sean Delaney
Assistant United States Attorneys
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800

**CERTIFICATE OF SERVICE**

I certify that, on August 15, 2023, I served a copy of this motion to all counsel of record via CM/ECF.

/s/
Christine Goo
Assistant United States Attorney